*242 Opinión op the Court, by
Judge Owsley.
THIS was an action of debt, brought in the circuit court by Nave, upon a promissory note for the payment of$314 37 1-2 cents, executed by Fletcher the-14th January, 1819.
To the action Fletcher pleaded, that in pursuance of an accord made between him and Nave, he gave Nave bonds, accounts and orders, on different individuals of the county of Jessamine, to a greater amount .than the debt in the declaration mentioned, which were, by Nave, received in satisfaction of the debt mentioned, &c. - *
To this plea, Nave replied generally, and issue was thereupon joined.'
1. Because it-does not ¡d- ■ ^fnj^ero*0 assigned, and ^ they were cou’ld^not^ ^" an action in hi? oa
<¿. Rocause part of it was ón they were as-p?Rll’ the conW^not maintain an action in his i^oh^ten it isuot suffi-oiont that the bodin'101;0® &0oA;dFiaust bo compjetc?yaD^unt“’°"
ikuo’joined on a pica as, above, hold *mraatel 1,1 ’
^iiere^Mich* maUer is al-lea<?d as a sat-isfaotion, tho plea ought to plaintiffhad acquired a cause of ae-own name *a gainst other persons or person, lor mand
*243 A jury was^gmpannelled, a verdict found for Flefck-.Overrul-formity er, and after Nave’s motion for a new trial"rej ed, judgment was rendered by the court, in with the verdict.
We are* of opinion, that a new trial .ought to have been awarded. The motion was made on the ground of the verdict being contrary to evidence; and after the most careful examination of the evidence contained iu the record, we are utterly incapable of perceiving'any, which, according to any rational and fair inference, can have warranted the jury in finding a verdict against Nave. There is testimony going to- prove, that accounts, &c. were put into the hands of-reft officer by Fiotcher, to be collected for the benefit of Nave; hut there is not a little of proof, conducing to prove that those demands were accepted by Nave, in satisfaction of his demand.
But, as the cause must be remanded, it is proper to remark, that the plea of Fletcher, is, in our conception, totally insufficient to-bar the action of Nave, and the issue made up by the parties is immaterial. The satisfaction alleged by the pica to have been received by Nave, we apprehend, is insufficient to constitute n valid plea. As the note upon Which f his suit is founded, was executed since the act of 1811, (1 Dig. 264,) it possesses all the force and effect of a writing under seal'; and it has been held, that to-au action of debt on a bond, the receipt of another bond cannot be pleaded in bar, unless the security or circumstances arc bettered, as by shortening thetime of payment. And again, it is said that the bettering the security alone', is not sufficient; for though a bond with sureties is better than a single bond, yet the former cannot be pleaded in bar to the latter. Cr. Eli. 727; 1 Esp. N. Am. Ed. 2d part 67.
But were it admitted, that.any thing may be 'a suifi-cient satisfaction which in itself is the foundation of an action, as in moré recent times seems to have been thought by some, still the plea of Fletcher could not be sustained; for although, considered in the light of hills of exchange, the orders might form the hasigmf an action, it is perfectly clear that the accounts ailufUd to in the plea do not; nor could an action bo maintained m the name of Nave, upon the bonds, without an assignment, and no assignment of them is alleged in the plea; and io he a valid har.it is not *244 enough that the satisfaction be in part good, but it must lie entirely and completely so.
ThusM$ has been held, that payment of par-t before the bond became due, anda promise to pay the residue at a ynlj (r, come, though agreed to by the oldig’ee, was no safticier't satisfaction, and constituted no bar to an action on the bond. ’ Cr. Eli. 304.
The judgment must be reversed with costs, the cause rcmancic^ 1° court below, and the plea and subsequent proceedings set aside, and judgment entered in favor of Nave for life debt, &c. unless Fletcher should g¡e a Ya}j(] pica .in bar, after being allowed reasonable tune by the court to do so.